The plaintiff, Julia T. Donovan, appeals from the decision of the Superior Court judge granting the motion of the defendant, Daniel Grow, for summary judgment. The plaintiff argues that the judge erroneously struck material facts within her deposition testimony from the summary judgment record. Alternatively, the plaintiff argues that the record independent of the stricken portions of her deposition testimony still creates a dispute of material fact sufficient to survive summary judgment. We affirm.
Discussion. 1. Undisputed facts. The plaintiff is a board certified gynecological oncologist and gynecological surgeon. Before her termination in 2012, the plaintiff was employed by Baystate Medical Practices, Inc., and held clinical privileges at Baystate Medical Center (BMC). Following her termination, the plaintiff signed an employment agreement with Memorial Health Partners Foundation, Inc. (Memorial). As part of the agreement, the plaintiff authorized Memorial to obtain credentialing and performance information from BMC about the plaintiff's clinical privileges. The defendant, the chair of BMC's obstetrics and gynecology department, received Memorial's request for information concerning the plaintiff. The defendant responded by speaking to the plaintiff's new supervisors at Memorial over the phone and also providing Memorial with written performance records about the defendant. Shortly after the defendant's communications with Memorial, the president of Memorial's medical staff met with the plaintiff and expressed concern over her competency to perform complex pelvic surgery in obese patients without additional training. Memorial's president informed the plaintiff that Memorial lacked the resources necessary to provide a proctor so she could reach the necessary level of competency. Memorial then terminated the plaintiff's employment.
Plaintiff brought four claims in Superior Court: intentional interference with an employment contract; defamation; intentional infliction of emotional distress; and negligent infliction of emotional distress.[2] The underlying basis for each claims alleges that her termination from Memorial was the result of false information intentionally or negligently provided by the defendant during his communications with Memorial. We review de novo the Superior Court's grant of summary judgment.
2. Hearsay evidence. Rule 56(e) of the Massachusetts Rules of Civil Procedure, 365 Mass. 825 (1974), requires that affidavits supporting and opposing summary judgment shall present information upon "personal knowledge"; and that they "shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Decisional law has interpreted this provision to disallow hearsay evidence to defeat summary judgment. See Madsen v. Erwin, 395 Mass. 715, 721 (1985). Here, the plaintiff presented evidence in the form of her deposition testimony that the defendant told her superiors at Memorial that the plaintiff had previously been reported for "malpractice and malfeasance" and "egregious behavior." In that same deposition, the plaintiff also testified about statements by the defendant to Memorial which averred that the plaintiff was "not competent to perform complex pelvic surgery in obese patients." The plaintiff only learned about these statements when her superiors at Memorial told her about them, not by way of the defendant directly. We discern no error in the judge's decision to strike both statements from the record as they contain inadmissible hearsay.
An out-of-court statement is hearsay where it is offered in evidence to prove the truth of the matter asserted. See Mass. G. Evid. § 801(c) (2017). See also Commonwealth v. Purdy, 459 Mass. 442, 452 (2011). Here, because the plaintiff is relying on an out-of-court statement of her superiors at Memorial who were in turn relying on an out-of-court statement made by the defendant, there are two layers of hearsay to review. Although the statements allegedly made by the defendant to Memorial may arguably be admissible as a statement of an opposing party (see Mass. G. Evid. § 801 [d][2] [2017] ) their inclusion in the second layer of hearsay between Memorial and the plaintiff make them inadmissible. See Commonwealth v. McDonough, 400 Mass. 639, 643 n.8 (1987). Accordingly, the judge was correct to strike these statements from the record when reviewing for summary judgment.
3. Summary judgment. After a de novo review of the remaining record, we affirm the grant of summary judgment in favor of the defendant. See Miller v. Cotter, 448 Mass. 671, 676 (2007). "[T]he moving party must establish that there are no genuine issues of material fact, and that the nonmoving party has no reasonable expectation of proving an essential element of its case." Miller v. Mooney, 431 Mass. 57, 60 (2000). Once the moving party asserts the absence of any triable issues, the nonmoving party "must respond and allege specific facts establishing the existence of a material fact in order to defeat the motion." Drakopoulos v. U.S. Bank Natl. Assn., 465 Mass. 775, 777-778 (2013). "[C]onclusory statements, general denials, and factual allegations not based on personal knowledge [are] insufficient to avoid summary judgment." O'Rourke v. Hunter, 446 Mass. 814, 821 (2006). See Mass.R.Civ.P. 56(e).
Here, the defendant met his initial burden to show that there would be no dispute at trial when he provided an affidavit denying any representations of malpractice, malfeasance, or incompetence by the plaintiff to Memorial.[3] See, e.g., Godbout v. Cousens, 396 Mass. 254, 262 (1985). The defendant supported the contents of his affidavit with hand written notes and documents. After the burden shifted to the plaintiff to show a genuine dispute of material fact, the plaintiff did not present anything to prove there existed a triable issue on any of her claims. Rather, the plaintiff merely suggested that omissions or denials contained within the plaintiff's evidence require a permissible inference that he in fact did say or do something which would allow the plaintiff's claims to survive.
As the nonmoving party the plaintiff is entitled to all reasonable inferences. However, "[i]nferences 'must be based on probabilities rather than possibilities and cannot be the result of mere speculation and conjecture.' " Continental Assur. Co. v. Diorio-Volungis, 51 Mass. App. Ct. 403, 409 (2001), quoting from Cambridgeport Sav. Bank v. Boersner, 413 Mass. 432, 438 (1992). Simply because the defendant was terminated shortly after the defendant spoke to Memorial does not allow us to reach the plaintiff's proffered conclusion that specific, defamatory statements were made. Without specific facts to contradict the defendant's evidence, the plaintiff relies on mere speculation to support a verdict in her favor.[4] See Godbout, 396 Mass. at 261 (nonmoving party may not rest upon allegations or assertions, but must respond with specific facts). Following de novo review, the plaintiff failed to meet her burden to show a dispute of material fact and we determine that summary judgment was properly granted in the defendant's favor.
As we affirm the summary judgment because the plaintiff cannot establish the crucial allegations of her complaint on which her claims rely, we need not reach the issue of immunity as an alternative basis for granting judgment in favor of the defendant.
Judgment affirmed.

The plaintiff does not appeal from the grant of summary judgment on her claim of intentional infliction of emotional distress.

We acknowledge that the defendant's affidavit was self-serving. This affidavit could be disbelieved, but we cannot use the uncontroverted affidavit as affirmative evidence supporting essential elements of the plaintiff's claim. See Kaitz v. Foreign Motors, Inc., 25 Mass. App. Ct. 198, 200 (1987). Here, with nothing in the record to challenge the contents of the defendant's affidavit, we find no material dispute of fact.

Our de novo review reflects the dearth of the record which could be found to support the plaintiff's proffered inferences. At oral argument, the plaintiff acknowledged that the only evidence which support her claims are the timing of her termination in relation to the defendant's communications with Memorial and that her BMC performance records are almost universally positive. Neither fact establishes an essential element underlying all of her claims, namely a false (and defamatory) statement, and therefore do not create a dispute of material fact. See Roman v. Trustees of Tufts College, 461 Mass. 707, 711 (2012). No evidence was presented to support the claim that Grow's notes were false or defamatory.